## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RICHARD PHILLIP ANDERSON,**

        **Plaintiff,**

        **v.**                         **Case No.  07-3275-JWL**

**RAY ROBERTS and**
**ROGER WERHOLTZ,**

        **Defendants.**

_____

## MEMORANDUM AND ORDER

Plaintiff Richard Phillip Anderson, an inmate at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas, brings this lawsuit pro se asserting claims pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5, against Ray Roberts, the warden at EDCF, and Roger Werholtz, the Secretary of the Kansas Department of Corrections.  This matter comes before the court on defendants' Motion for Judgment on the Pleadings (doc. #24).  For the reasons explained below, this motion is granted in part and denied in part.  Specifically, it is granted with respect to plaintiff's § 1983 claim against defendant Roberts, it is denied with respect to his § 1983 claim against defendant Werholtz, and it is granted with respect to his § 1983 claim for monetary damages against both defendants in their official capacities.

## BACKGROUND[1]

According to the allegations in plaintiff's complaint, on July 11, 2007, Mr. Anderson requested that the correctional facility's chaplain, Chaplain Biby, place Mr. Anderson's name on the Seventh-Day Adventist "call out"[2] list so that Mr. Anderson would be permitted to attend the Seventh-Day Adventist weekly religious service.  Mr. Anderson's request was denied by the correctional facility's Chaplain's Department on the grounds that he could not attend two different major religious call outs.  The denial letter explained that the Kansas Department of Corrections Internal Management Policy and Procedure (IMPP) § 10-110 states, "Inmates shall be permitted to practice a recognized religion to which they sincerely ascribe."  The letter stated that Mr. Anderson had already designated the Assembly of Yahweh as his religion of record and had been granted the opportunity to participate in the Assembly of Yahweh call out as he had requested.  The letter advised Mr. Anderson that he could become what is called a "seeker" so that he could learn more about the Seventh-Day Adventist beliefs and tenets.  As such, he would be permitted to attend that group for a period of four consecutive call outs, after which he would need to decide whether he wanted to return to the Assembly of Yahweh call out or be placed on the Seventh-Day Adventist call

---

[1] Consistent with the well established standard for evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and therefore also a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court accepts as true all well pleaded factual allegations in plaintiff's complaint.

[2] Defendants explain that a "call out" is time when an inmate is permitted to leave his or her cell to celebrate religious services, activities, holidays, or other special requests approved by the prison's Pastoral Care Department.

out.  If Mr. Anderson chose to become a seeker, he would not be permitted to attend the Assembly of Yahweh call out during the time that he was investigating the Seventh-Day Adventist call out.

Upon receiving the denial letter, Mr. Anderson filed a grievance with the warden.  Mr. Roberts supported the Chaplain's Department's denial of Mr. Anderson's request.  Mr. Anderson alleges that, in doing so, Mr. Roberts ignored the directive of EDCF General Order 14-106, which states that "no inmate shall be denied access to any program or service."

When Mr. Anderson appealed the denial to the Secretary of Corrections, the office of the Secretary of Corrections also upheld the denial.  Mr. Anderson alleges that Mr. Werholtz, as the Secretary of Corrections, has the final word as to the IMPPs implemented within the Kansas Department of Corrections pursuant to K.S.A. § 75-5205.  He further alleges that the policy used to deny Mr. Anderson's request, IMPP § 10-110, bears an amended date of February 6, 2006, which is a point in time when Mr. Werholtz held the position of Secretary of Corrections.  IMPP § 10-110 states as follows: "Inmates shall be permitted the opportunity to learn about other religious affiliations but shall not be allowed to fully engage in the practice of other religions except when a change of affiliations is requested."  Mr. Anderson alleges that because Mr. Werholtz approved IMPP § 10-110 and because IMPP § 10-110 was used to deny his request for dual attendance of religious programs, "the ultimate responsibility rests upon the shoulders of Roger Werholtz."

Based on these allegations, Mr. Anderson asserts three claims against defendants Roberts and Werholtz.  He claims that the denial of his request for dual attendance of

religious programs (Count I) violated his First Amendment right to freely exercise his religious beliefs, (II) violated his Fourteenth Amendment rights concerning the abridgement of privileges and immunities, and (III) resulted in religious discrimination and exclusion in violation of RLUIPA.  Defendants have now moved for judgment on the pleadings on two grounds.  First, they argue that plaintiff's § 1983 claim should be dismissed because he did not allege their personal participation in the constitutional violations.  Second, they argue that the monetary claims against defendants in their official capacities should be dismissed because they are entitled to immunity under the Eleventh Amendment.[3]

## LEGAL STANDARD FOR A
## MOTION FOR JUDGMENT ON THE PLEADINGS

A motion for judgment on the pleadings under Rule 12(c) is analyzed using the same standard that applies to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).  The court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), or when an issue of law is dispositive, *Neitzke v. Williams*, 490 U.S.

---

[3] On the first page of defendants' memorandum in support of their motion, they also argue that "Plaintiff's as applied equal protection clause claim fails because he does not allege that Defendants purposefully discriminated against him based on his religious beliefs." Aside from this introductory statement, however, defendants did not provide any developed argument on this point.  In the absence of any meaningful argument on this issue, the court will not address this brief, conclusory argument.

4

319, 326 (1989).  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic*, 127 S. Ct. at 1964-65.  The court must accept the facts alleged in the complaint as true, even if doubtful in fact, *id.* at 1965, and view all reasonable inferences from those facts in favor of the plaintiff, *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic*, 127 S. Ct. at 1965 (citations omitted).  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Where, as here, a plaintiff is proceeding pro se, "[d]ismissal . . . for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he [or she] has alleged and it would be futile to give him [or her] an opportunity to amend."  *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quotation omitted).  The court construes a pro se plaintiff's complaint liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers.  *Kikumura v. Hood*, 467 F.3d 1257, 1258 (10th Cir. 2006).  Nonetheless, a plaintiff's pro se status does not relieve the plaintiff of the burden to allege sufficient facts on which a recognized legal claim could be based.  *Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006).  Thus, a pro se plaintiff still has the burden to set

forth sufficient facts to support a claim.  *Jenkins*, 514 F.3d at 1032; *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674 (10th Cir. 2002).

## DISCUSSION

For the reasons explained below, the court finds that plaintiff's § 1983 claim against defendant Roberts must be dismissed because of the absence of any factual allegation that he personally participated in the alleged constitutional violations.  On the other hand, plaintiff's § 1983 claim against defendant Werholtz states a claim because the complaint alleges the existence of an affirmative link between his approval of IMPP § 10-110 (by virtue of which he exercised control and direction over the Chaplain's Department) and the alleged constitutional deprivations.  Lastly, the court will dismiss plaintiff's § 1983 claim for monetary damages against both defendants in their official capacities.

**A.**     **Personal Participation**

Under § 1983, government officials are not vicariously liable for the misconduct of their subordinates.  *Serna v. Colorado Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006).  Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights.  *Id.*  To establish supervisor liability under § 1983, it is not enough for a plaintiff merely to show that a defendant was in charge of other state actors who actually committed the violation.  *Id.*  Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights.  *Id.*  There must be an "affirmative link" between the supervisor and the violation – namely, the active

6

participation or acquiescence of the supervisor in the constitutional violation by the subordinates. *Id.* "This evidence may take various forms: the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." *Id.* at 1152 (quotation omitted). A plaintiff may also establish an affirmative link where the supervisor tacitly authorized the offending acts. *Id.* In the end, however, supervisory liability must be based upon more than a mere right to control employees. *Id.* In order to state a claim for relief under § 1983, this affirmative link between the defendant supervisor's conduct and the alleged constitutional violation "must be alleged in the complaint as well as proven at trial." *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156-57 (10th Cir. 2001).

In this case, it is obvious from the facts alleged in the complaint that Mr. Anderson cannot prevail on his § 1983 claim against defendant Roberts and it would be futile to give him an opportunity to amend. As plaintiff himself points out, defendant Roberts' involvement in the alleged constitutional violations involved "having reviewed the grievance" and making "the deliberate and thoughtful decision to uphold Chaplain Biby's denial of the Plaintiff's request." The Tenth Circuit has held that the denial of a prison grievance alone is insufficient to establish personal participation in the alleged constitutional violations. *See Larson v. Meek*, 240 Fed. Appx. 777, 780, 2007 WL 1705086, at *3 (10th Cir. June 14, 2007) (unpublished opinion) (citing *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam)). The only misconduct alleged on the part of defendant Roberts is his denial of Mr. Anderson's grievance, and this is insufficient to impose liability against him. Accordingly, plaintiff's complaint fails to state a § 1983 claim against him.

Mr. Anderson's factual allegations against Mr. Werholtz, on the other hand, are sufficient to state a claim against him. According to plaintiff, Mr. Werholtz, as the Secretary of the Kansas Department of Corrections, was responsible for approving IMPP § 10-110, the prison policy that the Chaplain's Department used to deny his request for dual attendance of religious programs. As such, Mr. Werholtz exercised control and direction over the decision. Thus, plaintiff has alleged an affirmative link between the actions of Mr. Werholtz and the alleged constitutional deprivations. Plaintiff has alleged facts which, taken as true, state a claim for relief against Mr. Werholtz. Accordingly, this aspect of defendants' motion for judgment on the pleadings is denied.

## B.    Claim for Monetary Damages on Official Capacity Claims

Plaintiff has sued defendants Roberts and Werholtz in both their individual and official capacities, and he seeks both equitable relief and monetary damages. "When a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state, and the state may raise the defense of sovereign immunity under the Eleventh Amendment." *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006) (quotation omitted). Under these circumstances, sovereign immunity generally bars actions in federal court for damages against state officials acting in their official capacities. *Harris v. Owens*, 264 F.3d 1282, 1289 (10th Cir. 2001); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Accordingly, defendants' motion is granted on plaintiff's official

capacity claims for damages pursuant to § 1983 because defendants are entitled to sovereign immunity on that aspect of plaintiff's claims against them.[4]  The court wishes to clarify that defendants' motion on this issue was directed to plaintiff's damage claims, and therefore the court's ruling does not apply to his claims for equitable relief, which remain in the case.

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion for Judgment on the Pleadings (doc. #24) is granted in part and denied in part as set forth above.

**IT IS SO ORDERED** this 19th day of May, 2008.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[4] In defendants' motion on the issue of sovereign immunity, they contend that "they are entitled to Eleventh Amendment immunity and may not be sued for money damages under 42 U.S.C. § 1983."  In light of this argument as well as the authority cited by defendants, the court understands their motion to be directed solely to plaintiff's § 1983 claims.  Accordingly, the court's ruling on this issue does not apply to plaintiff's RLUIPA claim.