IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD P. ANDERSON,                        )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )        Case No. 07-3275-EFM
                                            )
ROGER WERHOLTZ, et. al.,                    )
                                            )
            Defendants.                     )

## ORDER

        This prisoner civil rights case comes before the undersigned U.S. Magistrate Judge,

James P. O'Hara, on the motion of the plaintiff, Richard P. Anderson, to compel defendant

Roger Werholtz to respond to Interrogatory Nos. 1, 3, 4, and 5 of Plaintiff's Second Set of

Interrogatories, and to compel defendant Chauncey Biby to respond to Interrogatory No. 3

of Plaintiff's Second Set of Interrogatories **(doc. 84)**.  In addition to serving objections to the

subject discovery requests, defendants have responded to the instant motion (doc. 87).  No

reply has been filed.  The court is now ready to rule.  For the reasons set forth below,

plaintiff's motion is granted in part and denied in part.

        Contention interrogatories such as those used here by plaintiff serve "to narrow and

define issues for trial and to enable the propounding party to determine the proof required

to rebut the respondent's position."[1]  Fed. R. Civ. P. 33(a)(2) "expressly permits the use of

---

[1] *Steil v. Humana Kan. City Inc.*, 197 F.R.D. 445, 447 (D. Kan. Oct. 31, 2000)
(citing *Towner v. Med James, Inc.*, No. 94-2285, 1995 WL 477700, at *3 (D. Kan. Aug.
9, 1995)).

contention interrogatories."[2]  Rule 33(a)(2), in relevant part, provides:  "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."[3]  However, "[i]nterrogatories may not extend to issues of 'pure law,' i.e., legal issues unrelated to the facts of the case."[4]  The court will discuss each interrogatory in turn.

### Werholtz Interrogatory No. 1

This interrogatory, which asks for Mr. Werholtz's understanding of the Fourteenth Amendment to the United States Constitution, seeks an opinion on an issue of pure law. Therefore, the court sustains the stated objection and denies the plaintiff's motion to compel as to this interrogatory.

### Werholtz Interrogatory No. 3

Interrogatory No. 3 asks:  "Do you recognize your position as falling under the definition of 'government' as defined by RLUIPA in section 5(4)(A)?"  Because it is asking if the definition applies to Mr. Werholtz's position, this interrogatory is asking for an opinion that relates to the application of law to fact.  The court overrules the stated objection and grants plaintiff's motion to compel as to this interrogatory.

---

[2] *Id.*

[3] Fed. R. Civ. P. 33(a)(2).

[4] *Towner v. Med James, Inc.*, No. 94-2285, 1995 WL 477700, at *3 (D. Kan. Aug. 9, 1995).

**Werholtz Interrogatory No. 4**

Interrogatory No. 4, similar to Interrogatory No. 1, asks Mr. Werholtz to explain his understanding of the definition of "religious exercise" under RLUIPA.  Because this question does not ask for an opinion of the law as applied to the facts, but asks about a purely legal issue, the court sustains the stated objection and denies plaintiff's motion to compel as to this interrogatory.

**Werholtz Interrogatory No. 5**

This interrogatory asks why Mr. Werholtz approved prison policy 10-110.  This is not a question of pure law.  Mr. Werholtz's response, that the "reasons for IMPP 10-110 are as stated in IMPP 10-110," fails to adequately answer plaintiff's interrogatory.  Plaintiff's motion to compel as to this interrogatory is granted.

**Biby Interrogatory No. 3**

This interrogatory, similar to Werholtz Interrogatory No. 3, asks: "Do you recognize your position as falling under the definition of 'government' as defined by RLUIPA in section 5(4)(A)?"  Again, because it is asking if the definition applies to Chaplain Biby's position, this interrogatory is asking for an opinion that relates to the application of law to fact.  The court overrules the stated objection and grants plaintiff's motion to compel as to this interrogatory.

In consideration of the foregoing,

IT IS HEREBY ORDERED that the above-reverenced motion (**doc. 84**) is granted in part and denied in part.  More specifically, it is granted with regard to Werholtz Interrogatory

Nos. 3 and 5 and Biby Interrogatory No. 3, and it is denied with regard to Werholtz

Interrogatory Nos. 1 and 4.  Defendants shall comply with this order by **February 27, 2009**.

Dated this 17th day of February, 2009, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

O:\ORDERS\07-3275-EFM-84.wpd